**FILED**
**March 23, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PUTNAM COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**vs.)     No. 20-0852** (BOR Appeal No. 2055344)
                              (Claim No. 2018007946)

**HOMER F. WOODARD,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Putnam County Board of Education, by Counsel Jane Ann Pancake and Jeffrey B. Brannon, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). A response was not filed.

The issue on appeal is compensability. The claims administrator rejected the claim on July 16, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 28, 2020, Order. The Order was reversed by the Board of Review on September 25, 2020, and remanded with instructions to hold the claim compensable and to determine the compensable conditions.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Woodard, a head custodian, alleges an injury to his lower back while lifting and swinging bags of trash. In a September 1, 2017, treatment note, Brock Niceler, M.D., noted that Mr. Woodard was seen for lumbar and right hip pain, as well as right leg weakness. It was noted that Mr. Woodard had similar symptoms twelve years prior, but the symptoms were not as severe. Mr. Woodard reported that the symptoms began when he was at work on August 25, 2017, when he was twisting and swinging bags of trash into a dumpster. The pain intensified over the next few days, and Mr. Woodard sought emergency room treatment via ambulance. Mr. Woodard underwent a right hip x-ray, which showed osteoarthritis. Lumbar spine x-rays were also performed and revealed disc space narrowing at L5-S1, lower lumbar facet arthritis, and mild degenerative disc disease. Dr. Niceler diagnosed acute herniated disc, muscle spasm, hip osteoarthritis, facet arthritis, and degenerative lumbar disc disease. Dr. Niceler noted that Mr. Woodard would be treated for the acute disc injury first and his chronic arthritis and osteoarthritis issues would be focused on at a later date. The claims administrator rejected the claim on September 20, 2017.

Mr. Woodard returned to Dr. Niceler on October 2, 2017, and reported minimal pain improvement with medication and physical therapy. Mr. Woodard was to continue physical therapy and get a lumbar MRI. On November 27, 2017, Tom Reinsel, M.D., evaluated Mr. Woodard for right side lower back pain. It was noted that Mr. Woodard had previously experienced minor episodes of back pain but never required medical treatment. Dr. Reinsel opined that Mr. Woodard had chronic back pain following the August 25, 2017, work injury, but he did not make a specific diagnosis.

On July 11, 2018, Kenneth Fortgang, M.D., performed an Age of Injury Analysis in which he reviewed the August 27, 2017, lumbar spine x-rays. He opined that the x-ray showed no acute findings. Dr. Fortgang also reviewed the October 13, 2017, lumbar MRI, and opined that it showed abnormal disc spaces from L3-S1 of a chronic nature but no acute, specific, injury-related findings.

On July 2, 2019, the Office of Judges reversed the claims administrator's rejection of the claim. It found that a preponderance of the evidence indicates Mr. Woodard suffered a definite, isolated, fortuitous event in the course of his employment on August 25, 2017. The Office of Judges remanded the case with instructions for the claims administrator to determine if Mr. Woodard sustained the injury as a result of his employment. The decision was affirmed by the Board of Review on April 14, 2020.

On July 16, 2019, the claims administrator rejected the claim. It stated that an investigation showed that Mr. Woodard sustained an aggravation of a preexisting noncompensable condition. The Office of Judges affirmed the decision in its April 28, 2020, Order. It found that following the alleged injury, Mr. Woodard sought treatment from Dr. Niceler who diagnosed acute herniated disc, muscle spasm, hip osteoarthritis, facet arthritis, and lumbar degenerative disc disease. Mr. Woodard was also seen by Dr. Reinsel who diagnosed chronic back pain. Six weeks after the alleged injury, Mr. Woodard underwent a lumbar MRI. Dr. Fortgang interpreted the MRI as showing no acute, injury-related findings. The Office of Judges concluded Mr. Woodard sustained an aggravation of a preexisting injury rather than a discrete new injury as a result of the August 25, 2017, work incident. The Office of Judges noted that though an isolated fortuitous event occurred at work on August 25, 2017, Mr. Woodard failed to show that a personal injury resulted from such event.

The Board of Review reversed and remanded the Office of Judges' Order on September 25, 2020, with instructions to hold the claim compensable and to determine the compensable condition or conditions. The Board found that Mr. Woodard sustained a personal injury in the course of and resulting from his employment on August 25, 2017. Dr. Niceler noted on September 1, 2017, that Mr. Woodard had a significant amount of muscle spasming in his lumbar spine after twisting and throwing trash bags at work a few days prior. Dr. Niceler noted that Mr. Woodard had other chronic sources of pain that would need to be addressed after Mr. Woodard's acute injury. The Board of Review concluded that Mr. Woodard sustained a compensable injury and remanded the case with instructions for the claims administrator to issue an Order setting forth the compensable condition or conditions in the claim.

After review, we agree with the decision of the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence indicates that though Mr. Woodard has preexisting conditions, he still sustained a compensable injury in the course and result of his employment.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4